#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF HILLSBOROUGH, DECEMBER TERM,

### A. D. 1837.

---

## HALE *vs.* WOODS.

If an award is void for all that is to be done on the one part, it is void for the whole.

Where the owner of land conveyed it to third persons, after which, being sued by an adjoining owner for an alleged trespass, he agreed with the plaintiff in that action to submit it to referees, with power to settle the line—*held*, that the award of the referees, determining the line, was not binding upon the persons to whom he had conveyed; and that they, or their grantees, could not, therefore, avail themselves of it, against the plaintiff in that action, by way of estoppel.

THIS was a writ of entry, to recover seizin and possession of a tract of land, situated partly in Dunstable and partly in Hollis, containing about twenty-four acres.

The tenant disclaimed as to a portion of the demanded premises, and pleaded *nul disseizin* as to the remainder.

The demandant introduced a warrantee deed from William Blood, to Zacheus Lovell and Abel Blood, dated January 30, 1804, conveying a certain tract of land, alleged to include the demanded premises. He also introduced conveyances, by which it appeared that one undivided quarter part of the land conveyed to Zacheus Lovel and Abel Blood, ultimately vested in the demandant. He then introduced evidence to show that the northern line of the land conveyed by the deed of William Blood had been defined and established by the award of referees, duly appointed for this purpose.

It appeared that the tenant brought an action of trespass against said William Blood, at March term, 1804, for breaking the close adjoining the demanded premises on the north, and that at April term of the superior court, A. D. 1805, the action and all demands were refered to referees, with powers to determine and settle the line between the demanded premises and the said close of said Woods—being more than one year subsequent to the conveyance of said William Blood's interest in the premises, as appears by his deed aforesaid. At the next October term, the referees reported in favor of said William Blood, and established the line to which the demandant now claims.

The tenant contended that any award under this submission could have no binding effect upon said Blood's grantees under such prior conveyances, and that the demandant could not set up this award to estop the tenant from claiming over the line established by the referees ; but the court held, Blood having conveyed by warrantee deed, that if the land conveyed by him extended to the tenant's land, and was bounded upon it, it made no difference whether the submission and award were before the execution of Blood's deed, or afterwards. Its effect was to quiet the title up to the line established, so far as to estop the tenant from going beyond it ; and this adjustment of the line would, to this extent, enure to the benefit of the grantees of Blood ; and that the demandant could avail himself of this award in the same manner that Blood could have done, had the title remained in him. To this ruling the tenant excepted, and the jury having returned a verdict for the demandant, the tenant moved for a new trial.

*Farley*, for the demandant.

*C. G. Atherton*, for the tenant.

RICHARDSON, C. J., delivered the opinion of the court.

It does not appear that Lovell, or A. Blood, or any person

claiming under them, has ever adopted the line established by the referees.

It does not appear that William Blood conveyed to Lovell and Blood, with a warranty up to the particular line established. The warranty, then, is immaterial in this case.

But admitting that William Blood warranted to this line, the rule that, when one conveys with warranty, a title subsequently acquired by him enures to the benefit of his grantee, does not apply. *Co. Litt.* 265, *b*; 5 *N. H. R.* 535. For the question is not whether, supposing the award to be binding, it can enure to the benefit of those claiming under him, but whether the award is, under the circumstances, binding upon any body.

It is settled, that a parol agreement between the owners of adjoining lands, to settle a line between them, is conclusive against them, and all claiming under them. 6 *N. H. R.* 107; 3 *East* 16.

But in this case, when the agreement to refer the matter of the disputed line was made, William Blood was not an owner, and it does not appear that he had any authority from the owner to refer. The question, then, is whether the award binds either party as to the line.

It clearly could not bind Lovell and A. Blood, for the conveyance to them was prior to all these proceedings.

If an award be void for all that is to be done on one part, it is void for the whole; for there is no recompense for what is done on the other side. *Com. Dig.*, " Arbitrament," *E*, 18–19; 6 *Pick.* 152–3; *Kyd on Awards* 146–7; *Caldwell on Arbitration* 121; 2 *Saunders' R.* 293, *b*.

The award in this case can have no greater effect than a parol agreement between William Blood and Woods to settle the line, executed by erecting monuments accordingly.

Such an agreement, as well as this award, would be conclusive between W. Blood and Woods so long as W. Blood continued to occupy the land, and no longer. It would not bind Lovell and A. Blood.

Such an agreement, as well as an award on the subject, is an estoppel, between the parties to it, to deny the line. But it is an estoppel only between the parties to it, and those claiming under them through subsequent conveyances. It is certainly not conclusive between these parties. It would not be evidence against this demandant. It is not, then, evidence in his favor. 1 *Stark. Ev.* 195.

*The verdict for the plaintiff must be set aside.*